IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DONAVAN GRAVES**
     **Plaintiff,**

     **vs.**                                  **No. Civ. 07-865 BB/LCS**

**CHAVES COUNTY, et al.,**
     **Defendants**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment (Doc. 20), filed April 2, 2008.  The United States Magistrate Judge, having considered the Motion, the record, relevant law, and being otherwise fully advised recommends Defendants' Motion for Summary Judgment be **GRANTED.**

### I. PROCEDURAL HISTORY

Plaintiff was incarcerated from August 22, 2007 until March 21, 2008 (Doc. 20 at 1). On August 31, 2007, Plaintiff filed a civil rights complaint in United States District Court (Doc. 1) alleging incidents that took place in his holding cell due to the negligence of the Chaves County. Plaintiff alleges that Chaves County "shouldn't have put a violent, drunk individual in my cell." (Doc. 1).  Plaintiff seeks compensation for his medical bills, as well as compensation for any future suffering. (Id.)

On October 1, 2007 Plaintiff filed a Motion to Amend Complaint (Doc. 7).  The motion seeks to amend the complaint by correcting a previously misstated date and asking the Court to allow him the rights to receive his medical records from CCDC. (Id.)  On April 2, 2008 Defendants filed a Motion for Summary Judgment on the Basis for Failure to Exhaust and

Failure to State a Claim (Doc. 20).    During his incarceration, Plaintiff did not file a Grievance Form for any reason, nor did he attempt to otherwise comply with the CCDC'S internal grievance procedures. (Doc. 21 at 2).  Plaintiff had access to grievance forms during his incarceration, and failure to utilize the grievance forms is a violation of the CCDC's internal grievance procedure (Id.)

All material facts set forth in the statement of the movant will be deemed admitted unless specifically disputed.  D.N.M.L.R - Civ. 56 (1)(b).   Moreover, Local Civil Rule 7.1(b) of the District Court of New Mexico states: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R - Civ. 7.1(b).  Because Plaintiff did not file a response, I will take all facts presented in Defendants' Motion for Summary Judgment to be true and assume Plaintiff has consented to the grant of the motion.

## II. STANDARD OF REVIEW

Summary judgment is proper if the pleadings, together with the affidavits, if any, demonstrate that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).  An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. *Id* at 248.  Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. *Branson v. Price River Coal Co.,* 853 F.2d 768, 771-72 (10th Cir. 1988).

### III. ANALYSIS

### A. Defendant's Motion for Summary Judgment

"All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." D.N.M.L.R - Civ. 56.1(b)

The Prison Reform Litigation Act (PLRA), 42 U.S.C. 1997e *et seq. (1995)* provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007).  This includes actions seeking monetary damages that could not be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006).

In order to satisfy the exhaustion requirements of the PLRA, an inmate must not only initiate a grievance in the proper fashion, but must fully complete the entire administrative process. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  This is required even when the procedures seem futile. *Id.*  Whether a prisoner who has been in and out of detention must abide by these exhaustion requirements is a settled question in the Tenth Circuit.  "[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." *Norton v. The City of Marietta, O.K.,* 432 F.3d 1145, 1150 (10th Cir. 2005).

The Chaves County Detention Center's Policy and Procedure D-340-1 (Doc. X, Ex. A) has been in effect from December 6, 2005 until the present.  The policy details the

grievance procedure available to inmates during the time Plaintiff was incarcerated. (Id.) Plaintiff was incarcerated at the time the grievance policy was in effect and at the time he filed his complaint, therefore making him subject to the exhaustion requirements of the PLRA under *Norton*.

Policy D-340-1 requires an inmate to submit a grievance form to the Shift Sergeant on duty, with appeals following the chain of command.  If the inmate is unsatisfied with the initial response to his complaint, he may submit the grievance to the Lieutenant at the Detention Center.  If still unsatisfied, the inmate may submit the grievance form to the Administrator.  The last step in the grievance procedure is for the inmate to submit his complaint to an outside agency for independent review.

Plaintiff did not follow these procedures. See Facts, *supra*  Instead, his initial action was to file his complaint in this Court, in violation of the CCDC's grievance procedure. Plaintiff's subsequent Motion of Complaint (Doc. 7) and Continuances of Complaint (Doc. 9) reaffirm the contention that Plaintiff failed to utilize the proper channels.  The General Purpose Forms attached to those documents serve as evidence that Plaintiff had access to the necessary grievance forms, and simply choose not to use them.  Because exhaustion is mandatory, Plaintiff's complaint in this Court fails, and I recommend that Defendants' Motion for Summary Judgment (Doc. 20) be **GRANTED.**

**B. Plaintiff's Motion to Amend Complaint**

Granting Plaintiff's Motion to amend his complaint (Doc. 7) would do nothing to alter the suggested outcome of the issues before the Court.  Because Plaintiff did not respond to Defendants' Motion for Summary Judgment, I must accept all facts set forth

in that motion as true. As a result, Plaintiff changing a date in his complaint and asking for medical records does not change the fact that he has not exhausted his administrative remedies under the PLRA. I recommend that Plaintiff's Motion to Amend Complaint (Doc. 7) be **DENIED.** After Plaintiff has fully exhausted his administrative claims, he is free to file again in this Court.

## IV. CONCLUSION

It is hereby recommended that Plaintiff's Complaint (Doc. 1) be **DISMISSED without Prejudice.** Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(c). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party much file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appe llate review will be allowed.

_____  _____
    **LESLIE C. SMITH**
    **UNITED STATES MAGISTRATE JUDGE**